THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES R. WARREN, Appellant, v THOMAS J. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents Memoran-

dum: Following relator's conviction of three counts of robbery on May 12, 1978 in Kings County, he was sentenced as a second felony offender to serve 10 to 20 years on each count "to run concurrently with each other and with Federal time presently being served". He was then serving a 20-year sentence for bank robbery entered in United States District Court in Kentucky on March 24, 1969. He had been paroled from Federal prison in January 1976 and was returned to Federal custody on a parole violation. In 1980 he was released from Federal custody and turned over to New York State to serve his State sentence. New York State authorities computed relator's sentence from May 12, 1978 and credited him with 89 days time served in State custody prior to his conviction. Relator's minimum period of imprisonment was further reduced by 8 years, 1 month and 6 days to reflect time served on his "concurrent" Federal sentence prior to May 12, 1978. Based on these computations of the New York Department of Correctional Services, relator was given a minimum release date of January 1, 1980, a conditional release date of June 12, 1991 and a maximum release date of February 12, 1998 (see, Penal Law § 70.40 [1]; Correction Law § 803). Relator's claims in this proceeding that his maximum and conditional release dates should have been reduced to reflect time served on his concurrent Federal sentence are without merit.

Penal Law § 70.30 (1) (a) provides that when two or more indeterminate prison sentences are made concurrent, the time served under any one of the sentences is credited against the minimum periods of all the sentences. The maximum terms "merge in and are satisfied by discharge of the term which has the longest unexpired time to run". Penal Law § 70.30 (2-a) sets forth the rules which apply when an indeterminate sentence on a New York conviction is made concurrent with an undischarged term of imprisonment in another jurisdiction, the circumstances present in this case. Subdivision (2-a) provides that "[t]he term or terms of such imprisonment shall be calculated * * * in the same manner as where a person is under more than one sentence in this state as provided in this section", i.e., the minimum is reduced by time served on the concurrent sentence while the maximum is determined from the sentence with the longest unexpired term. As a result, while relator remains potentially liable for the maximum 20-year sentence which does not expire until 1998, he became eligible for parole on January 1, 1980 after serving less than two years of the 10-year minimum sentence imposed in 1978. The fact that the Parole Board has denied parole since 1980

does not make his sentence illegal and his claims that the maximum and conditional release dates should have been recalculated were properly rejected. (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J.—habeas corpus.) Present—Callahan, J. P., Doerr, Denman, Boomer and Schnepp, JJ.